**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JKB-16-0086** |
| **DONTAE SMALL,** | * | |
| **Defendant** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Now pending before the Court is the Defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 171). The Government has responded (ECF No. 179), and the Defendant has filed other papers in relation to the Motion (ECF Nos. 173, 178, 181). The Court has reviewed these documents carefully as well as the full record in the case. The Motion will be DENIED.

In attacking his conviction, the Defendant first complains that his lawyer was ineffective during the hearing on pretrial motions. Specifically, he complains that his lawyer failed to investigate and failed to call certain witnesses who would have helped him at that hearing. The key issue at the motions hearing was whether a certain cell phone and its contents could be introduced against the Defendant at trial. There was a question of abandonment. The Court ruled that in fact there had been abandonment and that the Defendant no longer retained any reasonable expectation of privacy in the phone. The fact that some other person might have technically owned the phone was of no moment, but the Defendant objects to his lawyer having failed to raise and argue that issue. The Defendant also argues that he did not actually abandon the phone and that he only dropped it "accidently." In making that argument, the Defendant ignores the fact that

whether the phone was "abandoned" at the time it was seized by law enforcement turns on "the objective facts available to the investigating officers, not the owner's subjective intent." *United States v. Nowak*, 825 F.3d 946, 948 (8th Cir. 2016). In the end, Judge Blake explained her ruling in detail (ECF No. 132 at 42-43). That ruling makes it abundantly clear that the issues about which the Defendant finds fault did not matter, and that counsel made no errors in the handling of this issue at the motions hearing. Counsel's conduct fell within the wide zone of acceptability afforded under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny.

The Defendant also complains that his lawyer did not call witnesses Ronald Hall and Daquan Walker at his trial. Counsel is afforded wide latitude in determining which witnesses to call at trial. *United States v. Dyess*, 730 F.3d 354, 364-65 (4th Cir. 2013).

In making the decision not to call these witnesses, counsel made strategic decisions within the wide strategic latitude he is afforded under *Strickland*. These witnesses had criminal exposure themselves and likely would have invoked their Fifth Amendment rights to not incriminate themselves. Further, the witnesses would have been subject to cross-examination and may well have revealed evidence tending to incriminate the Defendant. Counsel had to make "judgment calls" in terms of who he put on the stand, and his decisions here fall within the acceptable range under Strickland. As with respect to the allegations of ineffective assistance of counsel at the motions hearing, for the stated reasons this claim also fails.

Next, the Defendant complains that his lawyer was ineffective for failing to seek a postponement after learning that witness "J.B." would testify at trial. Here, the Court agrees with the Government that the Defendant falls short on his obligation to demonstrate that there would have been any consequence (i.e., prejudice) to him as a result of this decision by counsel. Defendant's speculations do not meet the requirements of prong two of *Strickland*. In reaching

this conclusion, the Court is entitled to consider, and does consider, the otherwise overwhelming proof of guilt. This claim fails.

The Defendant next complains about his lawyer's performance during closing argument. This, too, fails under *Strickland.* The Defendant is not entitled to have his lawyer make a particular argument on closing, including one that with the benefit of hindsight now might now seem, to the Defendant, more powerful or effective. Defense counsel made a sophisticated closing argument that went after the weakest elements of the Government's case. He attacked the proof of intent to cause death or serious bodily harm. He made other relevant arguments. His strategy in closing argument, and his execution, was well within the range of competency expected by *Strickland.* Further, the Defendant does not make any credible showing or argument with respect to prejudice. This claim fails on both prongs of *Strickland.*

Last, the Defendant objects to his lawyer's failure to seek a *Remmer* hearing. The record reveals, though, that trial counsel pursued this issue, prior to the verdict. He asked the Court to voir dire the jurors on the question of possible inappropriate contact. The *Remmer* issue failed on direct appeal, and it fails as an allegation of ineffective assistance of counsel because the lawyer appropriately raised the issue with the Court and pushed, unsuccessfully, for a remedy. Defendant's lawyer raised this issue again, post-verdict. There can be no conclusion but that counsel went down fighting on the question of possible inappropriate contact with the jury. Accordingly, there was no ineffective assistance of counsel around this issue. This claim fails.

Finally, the Defendant argues that the errors he raises, cumulatively, amounted to ineffective assistance. The Court is not persuaded, largely because none of the Defendant's contentions, individually, carry any weight. Most problematic for the Defendant: Cumulative errors, based solely on the accumulation, cannot carry the day for an ineffective assistance claim

in the Fourth Circuit. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1988).

For all the reasons herein, the Motion (ECF No. 171) is DENIED.

The Court DENIES a CERTIFICATE OF APPEALABILITY as the case does not raise issues that meet or exceed the requisite standard for issuing such certificate in this Circuit.

DATED this 3 day of September, 2021.

BY THE COURT:

James K. Bredar
Chief Judge